IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GRADY LARKIN McGOWAN                                                                      PLAINTIFF

      v.                                    Civil No. 12-5190

SERGEANT SKORUP, Transportation,
Benton County Detention Center (BCDC);
SHERIFF KEITH FERGUSON, Benton County;
BILLY BURRIS, Director of the Arkansas State
Hospital; LIEUTENANT CARTER, BCDC; and
CAPTAIN ROBERT HOLLY, BCDC                                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Grady L. McGowan, filed this action pursuant to the civil rights act, 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### Background

According to the allegations of the complaint, in November of 2010, Plaintiff was acquitted due to mental disease or defect. The judge ordered Plaintiff to be transported to the Arkansas State Hospital within thirty days. Despite the court order, Plaintiff states he remained incarcerated until February 22, 2011. At this time, Plaintiff was released on a writ of habeas corpus without having been transported to the State Hospital.

Plaintiff alleges that Billy Burris, the director of the State Hospital, refused to comply with the court order. With respect to Sheriff Ferguson, Plaintiff alleges Sheriff Ferguson failed to properly train his deputies to ensure that court orders were honored. Plaintiff alleges Sergeant Skorup, failed to transport him despite the fact that his job was transporting inmates. Plaintiff also

AO72A
(Rev. 8/82)

states that he spoke with both Lieutenant Carter and Captain Holly about the situation and they failed to arrange his transportation.

As relief, Plaintiff seeks payment of $1,000 per day for each day he was falsely imprisoned. He also seeks damages for mental anguish and punitive damages. Finally, he asks for a complete review of the court order and the failure to transport him via that order.

## Discussion

Plaintiff's claims against the Arkansas State Hospital are subject to dismissal. The State and its agencies are immune from suit. *See e.g., Fowler v. Arkansas State Hospital*, 2007 WL 990260 (E.D. Ark. 2007). A claim against an officer of a state agency is the equivalent of a suit against a state agency and Eleventh Amendment immunity precludes any official capacity claims. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

## Conclusion

For the reasons stated, I recommend that the claims against Billy Burris, Director of the Arkansas State Hospital be dismissed. These claims are frivolous, fail to state claims upon which relief may be granted, or seek relief against a Defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court has directed service of the remaining Defendants.

**McGowan has fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. McGowan is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of December 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)